UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, etc., et al., <br><br> Defendants. | Case No. 04-CV-0807-WQH (JMA) <br><br> **ORDER (1) REGARDING SCOPE OF DISCOVERY AND (2) RESETTING RULE 26 COMPLIANCE AND NOTICE OF TELEPHONIC CASE MANAGEMENT CONFERENCE** |

On May 1, 2008 at 9:30 a.m., the Court convened a telephonic Case Management Conference in the above entitled action.

On April 24, 2008, the parties lodged a Proposed Joint Discovery Plan with the undersigned's chambers in which the parties proposed that the Court bifurcate discovery with an initial phase limited to Plaintiff's rescission claim. After carefully considering the arguments set forth in the Proposed Joint Discovery Plan, as well as the arguments made at the conclusion of the Early Neutral Evaluation Conference on March 19, 2008, the Court concludes that it would be unworkable to

1  allow a first phase of discovery on the rescission claim only.
2  Given that the parties' views of the discovery that is relevant
3  to the rescission claim are widely divergent, the Court believes
4  that interminable disputes requiring Court intervention would
5  arise as to the scope of a first phase of discovery limited to
6  rescission.  Inevitably, if discovery were limited to the
7  rescission claim and the Court restricted Plaintiff from
8  obtaining discovery he believes is relevant to that claim
9  (including discovery that would otherwise be relevant to
10 Plaintiff's other two claims for breach of insurance contracts
11 and breach of the implied covenant of good faith and fair
12 dealing), Plaintiff would contend, on a future motion for summary
13 judgment on the rescission claim filed by Defendant, that he does
14 not have all facts essential to justify his opposition to the
15 motion for summary judgment and would accordingly file a Fed. R.
16 Civ. P. 56(f) affidavit.  Furthermore, if discovery were
17 bifurcated and Defendant's eventual motion for summary judgment
18 on the rescission claim were not granted, and discovery then
19 proceeded as to Plaintiff's other two claims, it would be
20 necessary for numerous witnesses to reappear for their
21 depositions.  For these reasons, the Court finds that the
22 proposal to limit a first phase of discovery to the rescission
23 claim is unworkable and not conducive to judicial economy.
24      The parties agree that discovery should be deferred
25 regarding Plaintiff's post-settlement medical condition and
26 disability status, Defendant's post-settlement conduct,
27 Plaintiff's alleged damage claims, and Defendant's potential
28 claim for restitution.  Joint Disc. Plan at 1-2.  The Court finds

that these areas are properly deferred for a later stage of discovery.

Accordingly, the Court will not issue a schedule with a first phase of discovery limited to the rescission claim. Rather, the Court will issue a schedule which will permit discovery as to all three claims set forth in Plaintiff's Complaint, with discovery to be deferred on the issues as to which the parties have agreed discovery should take place at a later date.

The Court therefore reissues the following orders pursuant to Rule 26 of the Federal Rules of Civil Procedure in order to permit the parties to proceed in accordance with the above:

1.  The Rule 26(f) conference shall be completed by <u>May 8, 2008</u>;

2.  All parties shall fully comply with the Initial Disclosure requirements of Rule 26(a)(1) by <u>June 13, 2008</u>;

3.  A proposed joint discovery plan shall be lodged with Magistrate Judge Adler's chambers on or before <u>June 13, 2008</u> (the parties should consult Rule 26(f) for the substance of the discovery plan);[1] and,

4.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a telephonic Case Management Conference shall be held on **June 20, 2008** at **9:00 a.m.** before Magistrate Judge Adler.  All counsel and unrepresented parties shall appear telephonically at this conference.  The Court will initiate the conference call.

//

---

[1] The proposed joint discovery plan may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

1  Failure of any counsel or party to comply with this Order
2 will result in the imposition of sanctions.
3  **IT IS SO ORDERED.**
4 DATED:  May 1, 2008

 Jan M. Adler
 U.S. Magistrate Judge