UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY, an individual, | Case No. 04-CV-0807-WQH (JMA) |
| Plaintiff, | **ORDER REGARDING JOINT MOTION RE DISCOVERY DISPUTE OVER PROTECTIVE ORDER** |
| v. | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, etc., et al., | **[Doc. 75]** |
| Defendants. | |

The parties have filed a Joint Motion Re Discovery Dispute Over Protective Order [Doc. 75]. Plaintiff Richard Howard Kelly ("Plaintiff") and Defendant Provident Life and Accident Insurance Company ("Defendant") have been unable to stipulate to a protective order to be entered in this case, and have each submitted a proposed protective order to the Court (see Joint Mot., Ex. A [Defendant's] & Ex. B [Plaintiff's]).

For the reasons set forth below, the Court finds that Defendant's proposed protective order should be entered.

//

04cv0807

**I.   Background**

Both parties wish to enter into a stipulated protective order in this matter.  Joint Mot. at 2.  Prior to the filing of the instant motion, Plaintiff forwarded a proposed protective order to Defendant.  <u>Id.</u>  Defendant agreed to substantial portions of Plaintiff's proposal, and adopted many of its provisions in its own proposed protective order.  <u>Id.</u>  The primary issue on which the parties disagree, and the issue to be decided upon by the Court, is whether a "sharing" or "non-sharing" protective order should be entered.  Plaintiff desires the former; Defendant seeks the latter.

Plaintiff's proposed protective order contains, in relevant part, the following provisions to which Defendant objects:

> The material may be used by counsel for the requesting party to use in any other similar litigation, which would include cases where a claim of breach of contract, insurance bad faith, and/or rescission of a settlement agreement is made against Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.
>
> Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to:   . . . (vii) attorneys representing any other party alleged to have been injured as a result of a claimed breach of contract, insurance bad faith, and/or rescission of a settlement agreement as against Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.

Pl.'s Proposed Protective Order, Joint Mot., Ex. B at ¶¶ 1.B. & 1.C.

Defendant proposes the following provision, to which Plaintiff objects:

> All CONFIDENTIAL documents produced in this suit, whether by a party or nonparty, subpoena, agreement or otherwise, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any

      other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

Def.'s Proposed Protective Order, Joint Mot., Ex. A at ¶ E.

**II. Discussion**

      The matter before the Court is governed by <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122 (9th Cir. 2003). In <u>Foltz</u>, the Ninth Circuit observed that, "This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." <u>Id.</u> at 1131. In doing so, however, the court stated:

      Nonetheless, a court should not grant a collateral litigant's request [to modify a protective order] automatically. As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Requiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding.

<u>Id.</u> at 1132. Importantly, "[s]uch relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." <u>Id.</u> (quotations omitted).

      The <u>Foltz</u> court then went on to address the mechanics of the relevancy inquiry. It stated that the court that entered the protective order must "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." <u>Id.</u> In other words, the essential issue that the issuing court must decide is whether the protective order should be modified. Before deciding to modify the protective order, the issuing court must consider the

relevance of the protected discovery to the collateral litigation, and must "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Id. at 1133.  Even if the issuing court decides to modify the protective order, however, it does *not* determine whether the collateral litigant will ultimately obtain the discovery materials.  Rather, any "disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts." Id.

With regard to the above procedure, the Ninth Circuit explained:

> Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings.  These procedures also preserve the proper role for each of the courts involved:  the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery.  If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court.

Id.

Here, Plaintiff seeks to circumvent all of the above principles and procedures by including, in the first instance, a "sharing" provision in the protective order to be entered in this case.  In other words, Plaintiff seeks the ability to share confidential documents he obtains in this case with collateral litigants without needing to seek to modify the protective order and obtain a relevancy determination from the Court, and without requiring the collateral courts to resolve any disputes which may

arise with respect to discoverability of the materials in the collateral cases.

Plaintiff's proposed protective order contemplates that *Plaintiff* would determine to whom any confidential documents would be provided.  Pl.'s Proposed Protective Order, Joint Mot., Ex. B at ¶¶ 1.B. & 1.C.  Such a procedure, obviously, would interfere with this Court's duty to undertake the relevancy inquiry dictated by Foltz.  Moreover, not only have the collateral litigants not even been specifically identified, but such litigants would, under Plaintiff's proposal, not be required to make any showing of relevance.  This interferes with the requirement in Foltz that the *collateral litigant* demonstrate to the Court the relevance of the protected discovery to the collateral proceedings.  See Foltz, 331 F.3d at 1132.

The Court is not at all persuaded by Plaintiff's arguments in favor of a sharing order and against a non-sharing order. Plaintiff, for example, argues that ample authority supports the proposition that "the purposes of discovery are best realized when litigants have an opportunity to share discovery."  Joint Mot. at 7.  The sharing of discovery, however, will not be prevented by the entry of a non-sharing protective order. Rather, collateral litigants desiring any discovery produced pursuant to the protective order will simply have to go through appropriate steps to obtain that discovery, as set forth in Foltz.

Additionally, Plaintiff's attempts to distinguish Foltz are neither persuasive nor well-taken.  For example, Plaintiff contends that a substantial difference between this case and

Foltz is that the protective order in Foltz was entered after a settlement had been reached, and thus the non-sharing component of the protective order was a "bargained for exchange." Joint Mot. at 9. This is erroneous. The three protective orders at issue in Foltz, including the "blanket" protective order, were entered *during the discovery process*. Foltz, 331 F.3d at 1128. Thus, Plaintiff's entire analysis of this supposed "substantial difference" between this case and Foltz rests upon an erroneous reading of the facts in that case. Furthermore, Plaintiff's characterization of Foltz as a case which simply stands for the proposition that parties *can* agree to a non-sharing protective order (see Joint Mot. at 10) is wholly unreasonable. As set forth above, Foltz goes into great detail about the precise procedures, considerations and mechanics involved in the sharing of protected discovery with collateral litigants. Finally, Plaintiff's attempt to distinguish Foltz on the basis that there was an already existing non-sharing protective order in that case, versus no protective order as of yet in this one, completely overlooks the principle that a collateral litigant should not be granted automatic access to a defendant's confidential documents.

Plaintiff represents that there are potentially "hundreds of thousands of collateral litigants across the country." Joint Mot. at 11. The Court will simply not permit these litigants to gain automatic access to Defendant's confidential materials without providing some procedural safeguards regarding the dissemination of those materials, and without following the procedures set forth in Foltz. Thus, the Court finds that

04cv0807

Defendant's proposed protective order should be entered.  The entry of Defendant's protective order will not prejudice any potential collateral litigants to move for modification of the protective order in the future.

## III. Conclusion

For the reasons set forth above, the Court finds that Defendant's proposed protective order should be entered. Defendant shall submit its version of the protective order to the undersigned's chambers via e-mail at efile_adler@casd.uscourts.gov, in either WordPerfect or Word format, forthwith.  The Court will enter said protective order promptly thereafter.

**IT IS SO ORDERED.**

DATED: December 5, 2008

                                                    _____
                                                    Jan M. Adler
                                                    U.S. Magistrate Judge