UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, etc., et al., <br><br> Defendants. | Case No. 04-CV-0807-WQH (JMA) <br><br> **ORDER REGARDING FED. R. CIV. P. 30(b)(6) DISCOVERY MATTERS** |

On September 15, 2009, counsel for the parties contacted the undersigned's chambers to advise the Court of two discovery disputes relating to deposition testimony sought by Plaintiff Richard Howard Kelly ("Plaintiff") from Defendant Provident Life and Accident Insurance Company ("Defendant") pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6). Plaintiff contends that Defendant failed to produce adequately prepared witnesses to testify on its behalf regarding two topics designated in his Rule 30(b)(6) notice: Topic No. 7: The "underlying lawsuit" (referring to <u>Provident Life v. Kelly, et al.</u>, 00cv2169-H (JFS)) and Topic No. 8: "Any sort of working relationship between Defendant (including its predecessors, parents, subsidiaries, etc.) and Plaintiff."

//

//

**Topic No. 7**

With respect to Topic No. 7, the Court recognizes that because Defendant was represented by counsel in the underlying lawsuit, it is likely that much of the information sought about this topic may be protected from disclosure by the attorney-client privilege and/or work product doctrine. Nonetheless, Defendant is still obligated to produce a deponent who is prepared to testify regarding Defendant's nonprivileged corporate knowledge of the underlying lawsuit. The designee "must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions." U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996). Additionally, as the Court has already found, the person designated to testify regarding the underlying lawsuit may be able to provide relevant, nonprivileged testimony regarding conversations held with Plaintiff concerning settlement and/or the terms of the settlement of the underlying case. See May 29, 2009 Order [Doc. 94] at 16-17.

The issue presently before the Court is whether John Kos, whom Defendant designated to testify regarding Topic No. 7, was adequately prepared to testify, as Defendant asserts, or whether the Court should compel a further 30(b)(6) deposition on this topic, as Plaintiff requests. The most efficient resolution of this issue, in the Court's view, will require an examination of Plaintiff's proposed areas of questioning relating to this topic, and a determination of whether those areas will invade the attorney-client privilege and/or work product doctrine. The Court notes that should it eventually require a further Rule 30(b)(6) deposition to go forward as to Topic No. 7, the provision of the lines of inquiry by Plaintiff will also assist Defendant in having an adequately prepared witness, which works to the benefit of both sides. As such, the Court will require Plaintiff to lodge a letter brief with the undersigned's chambers which sets forth, with reasonable particularity (see Sprint Communications Co. v. Theglobe.com, Inc., 236 F.R.D. 524, 528 (D. Kan. 2006)), the proposed lines of inquiry regarding Topic No. 7 that Plaintiff contends will not invade the attorney-client privilege or work product doctrine. Plaintiff's letter brief shall be lodged via email to

efile_adler@casd.uscourts.gov on or before September 24, 2009.  Defendant shall lodge a responsive letter brief on or before September 30, 2009.  The letter briefs shall not exceed three (3) pages in length.

**Topic No. 8**

As explained by Plaintiff's counsel, Topic No. 8 seeks information regarding Plaintiff's work as an insurance broker for Defendant during the 1990s.  Specifically, the Court is informed that Plaintiff sold disability insurance policies on behalf of Defendant and/or its predecessors, parent companies, subsidiary companies, and the like from the 1970s to the 1990s, and earned commissions from Defendant for doing so.  Defendant designated Drew Heisig, a Compliance Manager in charge of agent and broker compensations, to testify regarding Topic No. 8.  Mr. Heisig, however, did not review any documents in preparation for the deposition.  As explained by Defendant's counsel, no documents concerning Plaintiff's working relationship with Defendant could be found due to Defendant's document retention policy, which provides that documents are to be destroyed after ten years.  When Plaintiff's counsel pointed out that commission statements from the 1990s were contained within Defendant's Special Investigative Unit ("SIU") file, Defendant's counsel countered that Mr. Heisig had not been aware of the SIU file nor did he have access to it.  Defendant's counsel also confirmed that Mr. Heisig does not have any personal knowledge of Plaintiff's working relationship with Defendant as he was not employed by Defendant during the relevant time period (the 1990s) and has been the Compliance Manager for only the past two years.

Plaintiff's counsel argues that the person designated to testify regarding Topic No. 8 is obligated to prepare him/herself for deposition by reviewing all available documents and speaking to people both inside and outside of the company who possess relevant information.  The Court agrees that Defendant did not adequately prepare its witness for deposition.  In response to a Rule 30(b)(6) notice, a corporation "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding

answers on behalf of the corporation." Taylor, 166 F.R.D. at 360-61.  Accordingly, the Court will permit Plaintiff to reconvene the deposition of Defendant's Rule 30(b)(6) witness as to Topic No. 8.  Defendant shall ensure that the witness designated to testify on this topic is properly prepared for the deposition and that he/she has reviewed all *known or reasonably available* information including, but not limited to, the compensation statements contained in Defendant's SIU file which pertain to Plaintiff. See Fed. R. Civ. P. 30(b)(6); see also Sprint, 236 F.R.D. at 528 ("If need be, the responding party 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.'"); Taylor, 166 F.R.D. at 361 (finding that sources of "reasonably available" information may include documents, past employees, or other sources); id. ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.").

**IT IS SO ORDERED.**

DATED:  September 18, 2009

Jan M. Adler
U.S. Magistrate Judge