UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, etc., et al.,<br><br>　　　　　　Defendants. | Case No. 04-CV-0807-WQH (JMA)<br><br>**ORDER REGARDING TOPIC NO. 7 OF PLAINTIFF'S FED. R. CIV. P. 30(b)(6) DEPOSITION NOTICE** |

　　The parties have submitted letter briefs, pursuant to the Court's September 18, 2009 Order, regarding Plaintiff Richard Howard Kelly's contention that Defendant Provident Life and Accident Insurance Company ("Defendant" or "Provident") failed to produce an adequately prepared witness to testify regarding Topic No. 7 of Plaintiff's Fed. R. Civ. P. ("Rule") 30(b)(6) notice. After reviewing the parties' letter briefs, the Court finds as follows.

　　First, the Court is persuaded, notwithstanding Defendant's previous argument to the contrary, that a deponent will be able to provide nonprivileged testimony pertaining to Topic No. 7. In its responsive letter brief, Defendant made no argument that any of the twenty-seven (27) lines of inquiry proposed by Plaintiff would necessarily invade the attorney-client privilege and/or work product doctrine. Although, as the Court previously

noted in its September 18, 2009 Order, there will undoubtedly be *some* responsive information protected from disclosure, the Rule 30(b)(6) designee should also be able to provide nonprivileged testimony regarding most, if not all, of these topics and, indeed, is obligated to do so. See U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (stating that a 30(b)(6) designee "must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions."). The Court expects, as it has previously stated, that Plaintiff will limit the scope of his questioning so as not to invade privileged matters. See May 29, 2009 Order.

Next, the Court finds that although John Kos, whom Defendant previously designated to testify regarding Topic No. 7, was prepared to testify as to this topic, he was not *fully* prepared to do so. According to the excerpt of the deposition transcript attached to Plaintiff's letter brief, Mr. Kos prepared for the deposition by reviewing the complaint and answer in the underlying lawsuit, as well as "the claim files." See Kos Dep., 18:19-19:14. Mr. Kos did not have discussions with anyone at Provident regarding the underlying litigation, other than litigation counsel. Id., 19:20-23. The Court also infers, based on its familiarity with this matter, that Mr. Kos, like Mr. Heisig with respect to Topic No. 8 of the same 30(b)(6) deposition notice, did not review Defendant's Special Investigative Unit file in preparation for his deposition.

As the Court found with respect to Topic No. 8, Defendant is obligated to ensure that its Rule 30(b)(6) designee is properly prepared for the deposition and that he/she has reviewed all *known or reasonably available* information. See Fed. R. Civ. P. 30(b)(6); see also Sprint Communications Co. v. Theglobe.com, 236 F.R.D. 524, 528 (D. Kan. 2006) ("If need be, the responding party 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.'"); Taylor, 166 F.R.D. at 361 (finding that sources of "reasonably available" information may include documents, past employees, or other sources); id. ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the

1  designees so that they may give knowledgeable and binding answers for the
2  corporation."). In response to a Rule 30(b)(6) notice, a corporation "must not only
3  produce such number of persons as will satisfy the request, but more importantly,
4  prepare them so that they may give complete, knowledgeable and binding answers on
5  behalf of the corporation." Id. at 360-61.

6  Finally, notwithstanding Defendant's argument that Plaintiff has already obtained
7  much of the information he seeks from other sources, it is clear that Plaintiff is entitled to
8  obtain answers from Provident itself pursuant to Rule 30(b)(6). Additionally, the fact
9  that Defendant's counsel provided responses and explanations regarding Plaintiff's
10 proposed lines of inquiry in its responsive letter brief does not preclude a 30(b)(6)
11 deposition of Provident.

12 Accordingly, the Court will permit Plaintiff to reconvene the deposition of
13 Defendant's Rule 30(b)(6) witness as to Topic No. 7.[1]

14 **IT IS SO ORDERED.**

15 DATED: October 8, 2009

Jan M. Adler
U.S. Magistrate Judge

---

[1] Plaintiff has not sought costs in relation to the reconvening of this deposition, nor does the Court believe that the awarding of such costs is warranted.