**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RICHARD HOWARD KELLY,

Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

CASE NO. 04cv807 WQH (WVG)

**ORDER**

HAYES, Judge:

The matters before the Court are Defendant's Objection to the Non-Dispositive Order of the Magistrate Judge (Doc. # 103) and Plaintiff's Ex Parte Motion to Continue Defendant's Motion for Summary Judgment (Doc. # 108).

**PROCEDURAL HISTORY**

Plaintiff initiated this action by filing the complaint on April 19, 2004. (Doc. # 1). Plaintiff's lawsuit concerns an insurance policy issued by Defendant. *Id.* at 1-2. This insurance policy was the subject of previous litigation between Plaintiff and Defendant in this Court, resulting in a settlement agreement. *Id.* at 11-12. Plaintiff claims he signed the settlement agreement because of undue influence by Defendant. *Id.* Plaintiff seeks rescission of the settlement agreement so he can pursue claims against the insurance company. *Id.* Plaintiff claims Defendant breached the insurance contract and breached the implied covenant of good faith and fair dealing under California law. *Id.* at 1.

On August 13, 2004, this Court dismissed Plaintiff's claims with prejudice, concluding

Plaintiff's undue influence claim failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and that Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims were time barred. (Doc. # 21). On October 16, 2007, the Court of Appeals for the Ninth Circuit reversed this Court's ruling as to all three claims. (Doc. # 55).

On remand, Defendant filed an answer (Doc. # 59) and the parties proceeded with discovery. On May 29, 2009, the Magistrate Judge ordered Defendant to "designate a person most qualified [to testify] regarding the underlying lawsuit" and to produce that person for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). (Doc. # 94). On September 15, 2009, the parties contacted the Magistrate Judge's chambers regarding a discovery dispute relating to the deposition of John Kos. (Doc. # 101 at 1). Defendant designated Kos as its Rule 30(b)(6) witness who is most knowledgeable about the previous litigation between the parties. *Id.* Plaintiff asserted that Kos was not adequately prepared to testify on Defendant's behalf on the topics designated in the Rule 30(b)(6) Notice. *Id.* On October 8, 2009, the Magistrate Judge entered an order finding that Defendant failed to fully prepare its Rule 30(b)(6) witness for deposition. (Doc. # 102 at 2). The Magistrate Judge ordered that Plaintiff will be permitted to redepose Defendant's Rule 30(b)(6) witness. *Id.* at 3. Defendant filed an objection to the Magistrate Judge's October 8, 2009 order on November 4, 2009. (Doc. # 103).

On November 30, 2009, Defendant filed a Motion for Summary Judgment. (Doc. # 106). On December 3, 2009, Plaintiff filed an Ex Parte Motion to Continue the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f). (Doc. # 108). Plaintiff seeks a continuance to allow him to redepose John Kos before responding to the Motion for Summary Judgment. *Id.* On December 4, 2009, the Court ordered Defendant to respond to Plaintiff's Motion to Continue the Motion for Summary Judgment. Briefing was complete on December 16, 2009. (Doc. # 115). On January 7, 2010, the Court ordered the parties to file additional briefing on Defendant's objection to the Magistrate Judge's October 8, 2009 order. (Doc. # 118). The parties completed briefing on January 26, 1010.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff purchased two disability insurance policies from Defendant in the 1980s.

Compl. at ¶¶ 9-19. On April 10, 1986, Plaintiff began receiving disability payments due to a diagnosis of depression, dysthymic disorder, and schizoid personality disorder. *Id.* at ¶¶ 22-24. Plaintiff received $5,500 in disability benefits per month under the policies until August 18, 1999. *Id.* at ¶ 25. Plaintiff received a letter on August 18, 1999 from Defendnat stating "it does not appear that you are disabled as per your policies." *Id.* Plaintiff sought reconsideration of that determination in a letter sent February 16, 2000. *Id.* Plaintiff told Defendant that he believed the only way he could get his benefits back was via a legal challenge, but "I can not survive any legal challenge mentally, physically or financially." *Id.* at ¶ 28. Defendant believed Plaintiff had been receiving income during the time he was receiving disability payments from Defendant, but Plaintiff alleges these payments were "residual and not being created by [Plaintiff] continuing" to work while on disability. *Id.* at ¶ 34. Plaintiff's psychiatrist communicated to Defendant that he believed Plaintiff remained disabled. *Id.* at ¶ 30.

On October 26, 2000, Defendant sued Plaintiff in this Court. *See Provident Life and Accident Insurance Co. v. Kelly*, 00cv2169-H-JFS. In that lawsuit, Defendant alleged Plaintiff had committed fraud, conspiracy to defraud, breach of the implied covenant of good faith and fair dealing, and sought rescission of the insurance contracts and restitution of the benefits Defendant had paid to Plaintiff. *Id.* Defendant sought approximately $860,000 in damages. *Id.* Plaintiff also believes Defendant contacted the California Department of Insurance and the FBI to initiate criminal proceedings against Plaintiff. (Doc. # 1 at ¶¶ 44-45). When the complaint was filed, Plaintiff still faced federal criminal tax evasion charges. *Id.* at ¶ 46. Plaintiff alleges that Defendant was aware that Plaintiff was in fact disabled and that Defendant sued Plaintiff in order to avoid having to pay benefits in the future. *Id.* at ¶ 42-43. Plaintiff alleges he filed a counter claim *pro se* in the previous lawsuit on June 29, 2001 alleging breach of contract and breach of the covenant of good faith and fair dealing. *Id.* at ¶ 50. Defendant also sued Plaintiff's insurance business in the previous lawsuit. *Id.* However, Plaintiff could not file an answer on behalf of his business because he is not licensed as an attorney. *Id.* at ¶ 49. Defendant obtained default judgment as to Plaintiff's business and

Plaintiff alleges Defendant leveraged this judgment to pressure Plaintiff into settling. *Id.* at ¶ 51. Plaintiff alleges Defendant also took advantage of its knowledge of Plaintiff's fragile mental state to pressure him into settling. *Id.* Plaintiff alleges the settlement contract is therefore invalid and seeks to rescind it and revive his previous counter claims. *Id.*

**ANALYSIS**

**I. Objection to the Non-Dispositve Order of the Magistrate Judge**

Defendant contends that the order of the Magistrate Judge is overbroad, unduly burdensome, and requires the unnecessary redeposition of a witness on matters that are irrelevant. (Doc. # 103 at 1). Defendant contends that the order of the Magistrate Judge requests disclosure of privileged attorney-client communications and attorney work product. *Id.* at 2.

Plaintiff contends that Defendant produced an unprepared witness for deposition in violation of Federal Rule of Civil Procedure 30(b)(6) and in violation of a prior order from the Magistrate Judge issued May 29, 2009 (Doc. # 94). (Doc. # 119 at 6). Plaintiff contends that Defendant's objection is untimely because it was filed more than ten days after the October 8, 2009 order requiring Defendants to produce the 30(b)(6) witness for redeposition (Doc. # 103) and the May 29, 2009 order requiring Defendant to produce the person most knowledgeable about the underlying lawsuit for deposition (Doc. # 94). (Doc. # 119 at 5). Plaintiff contends that Defendant did not raise attorney-client privilege or attorney work product to the Magistrate Judge and may not raise new issues for the first time in an objection. *Id.* at 10. Plaintiff contends that even if this Court were to consider the untimely arguments raised for the first time in the objection, Defendant's objection lacks merit. *Id.* at 11-12. Plaintiff contends that he is not seeking information covered by attorney-client privilege because information does not become privileged simply because it is conveyed to an attorney. *Id.* at 12. Plaintiff contends that evidence about the events leading up to the settlement is central to Plaintiff's case because it is necessary to establish that Plaintiff was subject to undue influence when he signed the settlement agreement. *Id.*

In its reply, Defendant contends that it properly objected to the order of the Magistrate

Judge and notes that the "order did not contain any notice that a failure to file objections within 14 days would waive any right of appeal." (Doc. # 121 at 8). Defendant contends that it had 14 days to object, not 10, and that Saturdays and Sundays were excluded, so the objection was only filed "five days too late." *Id.* at 9. Defendant contends that the issue of privilege and attorney work product were previously raised to the Magistrate Judge and are properly before this Court. *Id.* at 10-11. Defendant contends that Plaintiff had the opportunity to question Kos and failed to ask questions about the underlying settlement agreement. *Id.* at 14. Defendant contends that it complied with the May 29, 2009 order of the Magistrate Judge by producing Kos for deposition. *Id.* Finally, Defendant contends that any redeposition of Kos should be done via written questions to avoid the "cost, inconvenience, and delay of another deposition in Chattanooga." *Id.*

Pursuant to the version of Federal Rule of Civil Procedure 72(a) in effect at the time,

> A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a) (2009).

Defendant failed to timely object to the Magistrate Judge's October 8, 2009 order. As Federal Rule of Civil Procedure 72(a) makes clear, this Court need not consider Defendant's objection at all because it was filed more than ten business days after the order was entered. *See* Fed. R. Civ. Pro. 6. However, even if this Court considers Defendant's objection to the October 8, 2009 order, the Magistrate Judge's October 8, 2009 order merely held that Defendant had failed to comply with the May 29, 2009 order. *See* Doc. # 102 at 2.

In the May 29, 2009 order, Defendant was ordered to produce a Rule 30(b)(6) witness for deposition about the underlying lawsuit and settlement negotiations, and insisted after John Kos's deposition that it had, in fact, fully complied with the May 29, 2009 order. *See* Doc. # 119-1 at 40-43. In a letter brief to the Magistrate Judge, Defendant stated

> [I]t is evident that the witness who could have best responded to the specific questions enumerated by [Plaintiff's counsel] is John Kos, who Provident provided as its 30(b)(6) designee. **Although Mr. Kos was made available for an entire day of questioning, [Plaintiff's counsel] did not ask him a single**

**question regarding . . . the 'Underlying lawsuit.'**

*Id.* at 42.

A review of the transcript of the deposition reveals that Plaintiff's counsel did in fact ask Kos about the underlying lawsuit, but Kos was not fully prepared to testify as to this topic:

[Plaintiff's Attorney:]

Q : What knowledge do you have of those lawsuits?

[Kos:]

A: I had no actual involvement in the lawsuits. What I was able to do is with in-house counsel look at two documents involving the suit.

Q: What two documents were those?

A: They may have been the complaint that Provident filed against Mr. Kelly, and then the other document I looked at is his response to that complaint. . . .

Q: Okay. And so the extent of your knowledge regarding the underlying lawsuits is what's contained in that claim file and looking at the complaint and his response to the complaint, would that be a fair statement?

A: That would be fair.

*Id.* at 35-37. The Magistrate Judge's determination that Defendant failed to adequately prepare this witness to comply with the May 29, 2009 order and Federal Rule of Civil Procedure 30(b)(6) based on this transcript is not "clearly erroneous or contrary to law."

**II. Plaintiff's Ex Parte Motion to Continue Defendant's Motion for Summary Judgment**

In its Motion for Summary Judgment, Defendant contends that Plaintiff cannot raise a genuine issue of material fact as to the validity of the settlement agreement. (Doc. # 106 at 2). Defendant contends that there is no evidence to support Plaintiff's claim that he signed the settlement agreement due to fraud, undue influence, or duress. (Doc. # 106-1 at 21). Defendant further contends that Plaintiff's lawsuit is barred by Federal Rule of Civil Procedure 60(b). *Id.* at 23-24.

In his Ex Parte Plaintiff Motion to Continue Defendant's Motion for Summary Judgment, Plaintiff contends that he cannot defend against the Motion for Summary Judgment

because he has not yet had the opportunity to redepose John Kos, Defendant's Rule 30(b)(6) witness who is most knowledgeable about the prior litigation and settlement between the parties. (Doc. # 108 at 5). Plaintiff contends that Kos was unprepared for his previous deposition and was unable to answer any questions about the prior litigation and settlement. *Id.* at 3-5. Plaintiff contends that Kos's testimony is central to Plaintiff's claim that the settlement agreement which ended the previous litigation should be rescinded, allowing Plaintiff to proceed with his claims against Defendant. *Id.* Plaintiff contends that Defendant's conduct in producing an unprepared witness and then refusing to allow the witness to be redeposed is the source for this delay and that Plaintiff has diligently pursued obtaining this discovery. *Id.*

In its response, Defendant contends that the proposed additional discovery is unnecessary and that the Court should adjudicate its Motion for Summary Judgment without granting further discovery. (Doc. # 111 at 4). Defendant contends that discovery in this case has already been "massive, duplicatory, burdensome, and time consuming." *Id.* at 4-5. Defendant contends that Plaintiff's attorney failed to ask Kos any questions about the underlying litigation and settlement. *Id.* at 8-9. Defendant contends that Plaintiff has failed to show that deposing Kos would make any difference in Plaintiff's ability to oppose the Motion for Summary Judgment and "the conclusion is inescapable that Plaintiff has no basis to oppose the motion and that Plaintiff's difficulty is not a lack of discovery but a lack of evidence." *Id.* at 9. In the alternative, Defendant proposes that if the Court grants the Motion to Continue, deposition should be conducted via written questions rather than live testimony. *Id.* In a supplemental response, Defendant again contends that written deposition would be preferable to deposing Kos in person because it would "eliminate the cost, inconvenience, and delay of another deposition in Chattanooga and would obviate the need for a continuance of the hearing of Provident's already long-delayed motion for summary judgment." (Doc. # 114 at 1-2).

Pursuant to Federal Rule of Civil Procedure 56(f), "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its

opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Rule 56(f) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A Rule 56(f) "'continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence.'" *Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Souix Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (*citing Wichita Falls Assoc. v. Banc One Corp.* 978 F.2d 915, 919 n.4 (5th Cir. 1992)). "Although Rule 56(f) facially gives judges discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Intn'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

Plaintiff's claims are dependent on his ability to rescind the settlement agreement from his previous lawsuit. Plaintiff has alleged that he is entitled to rescission under California law because his consent to the settlement agreement was obtained through Defendant's undue influence and was therefore involuntary. (Doc. # 1 at ¶¶ 54-63). Testimony about the underlying litigation and settlement of that litigation is necessary to oppose Defendant's contention that as a matter of law, Plaintiff cannot raise a genuine issue of material fact as to the validity of the settlement agreement. Plaintiff has diligently pursued discovery of this evidence and previously attempted to depose Kos in Chattanooga about the prior litigation between the parties. *See* Doc. # 119-1 at 40-43. However, Defendant failed to prepare Kos for the deposition and the witness was unable to testify "about information known or reasonably available" to Defendant as required by Federal Rule of Civil Procedure 30(b)(6). *See id.* The Court therefore grants Plaintiff's Motion to Continue Defendant's Motion for

Summary Judgment.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Objection to the Non-Dispositive Order of the Magistrate Judge (Doc. # 103) is **OVERRULED**. IT IS FURTHER ORDERED THAT Plaintiff's Ex Parte Motion to Continue Defendant's Motion for Summary Judgment (Doc. # 108) is **GRANTED**. Defendant shall make its Rule 30(b)(6) witness on the previous litigation available for deposition on a date which is mutually agreeable to the parties no later than March 8, 2010. Plaintiff's opposition to Defendant's Motion for Summary Judgment (Doc. # 106) is due on or before April 19, 2010. Defendant's reply is due on or before April 26, 2010.

DATED: February 9, 2010

**WILLIAM Q. HAYES**
United States District Judge