UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY,<br><br>                              Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE CO.,<br><br>                              Defendant. | Civil No.   04cv807-AJB (BGS)<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE**<br><br>**[Doc. No. 174]** |

This matter is before the Court on the parties' Joint Motion to Determine Discovery Dispute. (Doc. No. 174.) The pending dispute concerns "Plaintiff's Seventh Notice of Corporate Deposition of Defendant Provident Life and Accident Insurance Company" (Provident). (Doc. No. 192.) Plaintiff seeks to compel Provident to produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6), and Provident seeks a protective order to preclude Plaintiff from taking the deposition. After reviewing the motion, the entire case file, applicable case law, and for the reasons set forth below, the Court finds that Plaintiff is entitled to a Rule 30(b)(6) deposition on all of the topics set forth in his Seventh Notice of Corporate Deposition.

**RELEVANT BACKGROUND**

Plaintiff initiated this action relating to his own-occupation disability insurance policy with Provident. Plaintiff's complaint alleges three claims: (1) rescission of an August 2001 settlement agreement ending prior litigation between the parties; (2) breach of disability insurance contracts; (3) breach of the implied covenant of good faith and fair dealing. (Doc. No. 1 at ¶¶ 53-75.) Magistrate

Judge Adler bifurcated discovery into two phases. (Doc. Nos. 93, 94.) The first phase was limited to discovery on the rescission claim. (*Id*.) Pursuant to Judge Adler's orders, if Plaintiff survived summary judgment on the rescission claim, the parties would continue with discovery on Plaintiff's breach of contract and bad faith claims. (*Id*.) On August 12, 2010, Judge Hayes issued an order denying Provident's motion for summary judgment on Plaintiff's rescission claim. (Doc. No. 158.) Because Plaintiff survived summary judgment, the undersigned held a further Case Management Conference and set the schedule for completing discovery on the breach of contract and bad faith claims. The Court's scheduling order stated: "At this stage in the litigation, all remaining discovery is limited to the claims and defenses relating to the causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing." (Doc. No. 164.)

Between October 2010 and February 2011, Provident produced thousands of internal company documents. (Doc. No 174-4, Ex. E.) The production encompassed at least 9,000 pages. (*Id*.) On February 18, 2011, the Court held a hearing on a number of discovery disputes, including the dispute currently before the Court—a Rule 30(b)(6) deposition concerning Provident's record retention policies and documents relating to Provident's claims adjusting policies. (Doc. No. 171 at 8-9.) The Court ultimately determined that the parties had not adequately briefed the Rule 30(b)(6) issue and ordered the parties to further meet and confer in hopes of resolving the dispute. (*Id*. at 20.) Unfortunately, the parties could not resolve the dispute, thus resulting in the present motion.

Plaintiff's Rule 30(b)(6) Notice of Deposition contains 14 potential deposition topics. (Doc. No. 192.) The topics are described with reasonable particularity and are narrowly tailored to the relevant issues and time periods. The topics include requests for a witness or witnesses that can testify about: (1) "records retention policies, practices, and procedures that were in place from 1991-1999;" (2) documents concerning Provident's changes to it claims handling policies, practices, and procedures that occurred between 1991 and 1999; (3) documents concerning claim improvement initiatives between 1995 and 1999; (4) documents concerning "institutionalizing the scrub," which were drafted between 1993 and 1999[1]; (5) documents concerning the "lists of claimants targeted for 'intensive efforts' for

---

[1]Deposition topic nos. 5-12 contain the same limiting time period as topic no. 4: documents drafted between 1993 and 1999.

'successful resolution of the claim'"; (6) documents concerning lists of "problem claims"; (7) documents concerning "targeting of 'subjective claims'"; (8) documents concerning 'targets or goals for claims termination'; (9) documents concerning 'targets or goals for claims resolution'; (10) documents concerning financial targets for claims handling; (11) documents concerning reserve targets for claims handling; (12) documents concerning 'net termination ratios'; (13) documents concerning policies, practices, and procedures that were in effect from 1986 through 1999 that relate to Provident informing insureds that it is reserving the right to deny coverage; and (14) documents concerning Provident's policies, practices, and procedures in effect from 1986 through 1999 that relate to informing insureds that it is reserving the right to seek reimbursement of benefits previously paid. (Doc. No. 192.)

Provident argues that the burden and expense of the Rule 30(b)(6) deposition outweighs its likely benefit. (Doc. No. 174 at 4.) Provident further argues that: (1) Plaintiff did sufficient discovery into the breach of contract and bad faith claims during the rescission phase of discovery; (2) Plaintiff *could* have done this discovery during the previous phase; and (3) Plaintiff has access to deposition and trial testimony transcripts from other litigation and those transcripts are a more convenient source for the discovery presently being sought.[2] (*Id*. at 4-8.)

**LEGAL STANDARD**

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995). A court must, however, limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in

---

[2] With respect to topic no. 2, Provident also objects on the basis that *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), precludes Plaintiff from seeking discovery into claims handling practices that played no role in his claim. Plaintiff agrees to "limit[] his discovery to the claims practices applied to [his] claim . . . ." (Doc. No. 174 at 14.)

resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1054 (S.D. Cal. 1999).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Federal Rule of Civil Procedure 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

The designee's role is to provide the entity's interpretation of events and documents. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996). It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available. *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp.2d 479, 487 (D. Md. 2005) (recognizing that a Rule 30(b)(6) deposition represents the entity's knowledge and not that of the individual deponent). The designee may become educated by reasonably obtaining information from documents, past employees, or other sources. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008). *See also United States v. Mass. Indus. Fin. Agency,* 162 F.R.D. 410, 412 (D. Mass. 1995) (rejecting corporation's arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation). A party producing a Rule 30(b)(6) witness "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *Taylor*, 166 F.R.D at 362.

Moreover, the Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena request "to elect to supply the answers in a written response to

an interrogatory" in response to a Rule 30(b)(6) deposition notice or subpoena request. *Marker v. Union Fidelity Life Insurance*, 125 F.R.D. 121, 126 (M.D. N.C. 1989). "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." *Id*. Similarly, in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position. *In re: Vitamins Antitrust Litigation*, 216 F.R.D. at 172, 174. "Corporations are not entitled to declare themselves mere document-gatherers." *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005). "In order to meet the purpose of the Rule, '[i]f a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination.'" *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2009 WL 3809815 *3 (Nov. 10, 2009 N.D. Cal.) (citing *Taylor*, 166 F.R.D. at 362).

**DISCUSSION**

        **1.**     **The Scope of "First Phase" Discovery Was Limited**

Notably, Provident does not oppose the Rule 30(b)(6) deposition on relevance grounds, but rather, argues that Plaintiff received plenty of discovery into his claims for bad faith and breach of contract in the earlier phase of the case. (Doc. No. 174 at 3-4.) The record in this case establishes that discovery was bifurcated and that Plaintiff was not permitted to conduct any significant discovery into his claims for breach of contract or bad faith until he survived Provident's motion for summary judgment on the rescission claim. This course of conduct is evidenced in Judge Adler's orders as well as the transcript from the discovery hearing with Judge Gallo. (Doc. Nos. 93, 94, 124.) Provident's own exhibit to the present motion establishes that it did not produce the documents providing the subject matter for Plaintiff's Rule 30(b)(6) deposition topics until the current phase of discovery. (Doc. 174-4, Ex. E.) Provident's assertion that Plaintiff's first phase of discovery was comprehensive and included his bad faith and breach of contract claims belies the record.

Provident argues what Plaintiff asserted throughout the first phase of discovery, i.e., that "Plaintiff's rescission claim is inextricably intertwined with his breach of contract and bad faith claims." (*Id*. at 4.) Yet, when Plaintiff made that argument previously, Provident's counsel resisted and argued to Judge Gallo that discovery into claims statistics was not relevant to the rescission claim because it really

went to the bad faith allegations. (Doc. No. 124 at 15.) Provident took the position in the Joint Statement of Dispute that "[t]he focus on discovery at this point in litigation is on Plaintiff's rescission claim." (Joint Statement of Dispute, Feb. 5, 2010 at 11.) As a result, Judge Gallo precluded Plaintiff from pursuing certain discovery until the "second phase." (Doc. No. 124.) Specifically, Judge Gallo stated:

> ". . . [Plaintiff], most of the discovery that I see that you have asked for now seems to not be related to the rescission portion of your lawsuit . . . . I see most of these requests to be very relevant with respect to the bad faith and the breach of contract claim . . . . But I think it's premature to be requiring Provident at this time, before that motion for summary judgment is decided upon, to order them to produce any of these documents.

(*Id*. at 16-18.) Although Plaintiff may have attempted to pursue discovery pertaining to the bad faith and breach of contract claims during phase one, the Court repeatedly directed Plaintiff to defer that discovery until a later date. It would be patently unfair for the Court to take a different position at this stage of the case and foreclose this discovery on the basis that Plaintiff's first phase discovery comprehensively covered these claims.

### 2. The Deposition Will Not Be Cumulative or Duplicative

Provident also contends that Plaintiff already deposed other witnesses about some of the topics noticed for this Rule 30(b)(6) deposition, and that because he already has testimony covering these topics another deposition is unwarranted. (Doc. No. 174 at 4.) The Court disagrees with Provident's assertion that the existing testimony should suffice.

For example, Plaintiff seeks to compel corporate testimony concerning Provident's training program for claims adjusters. Provident objects and argues that this discovery is duplicative because Laura Harnsberger Parker and John Kos were asked about training practices during their depositions.[3] Provident's argument fails for a number of reasons. First, Plaintiff is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable in this phase of the case. Therefore, any testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity. "Without having a witness or witnesses who can testify and bind the corporation, the deposing party is left at an unfair disadvantage, having no

---

[3] John Kos was produced as a Rule 30(b)(6) witness during the first phase of discovery. As addressed above, that phase of discovery was limited to Plaintiff's rescission claim and accordingly limited to claims handling practices *only* pertaining to Plaintiff's disability claim.

understanding of what the corporation's position is as to many areas of inquiry. Such is the case here." *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001). Second, when Plaintiff took Ms. Parker's and Mr. Kos's depositions, Provident had not produced the relevant training documents or all claims handling documents. Significantly, Plaintiff was not able to question Ms. Parker about documents such as the one indicating Provident held training sessions like the "objectification session" that Ms. Parker was scheduled to attend. (Doc. No. 174-2, Ex. 6.) Without the documents that Plaintiff recently received from Provident, he could not adequately question her about these training sessions, could not attempt to refresh her recollection with the documents, and could not impeach her testimony with these documents. Likewise, when Mr. Kos testified Plaintiff attempted to question him about Provident's claims adjusting training program. Mr. Kos admitted that he had not asked anybody about training manuals when preparing for his Rule 30(b)(6) deposition, and because Provident had not yet produced training documents, Plaintiff could not challenge the witness on these issues.

### 3. Plaintiff Did Not Have the Opportunity to Obtain This Discovery Earlier

Plaintiff also wants to question a corporate designee about claims handling practices evidenced in documents such as the memorandum regarding "institutionalizing the scrub," the document entitled "Claim Improvement Initiatives," and the pages of handwritten notes with the headings "Purpose of Claim File" and "Bad Faith Law & Claims Practices." (Doc. No. 174-2, Ex. 16, Ex. 10, Ex. 11.) Provident argues that Plaintiff already had the opportunity to ask Provident's Rule 30(b)(6) witness about these policies and documents. (Doc. No. 174 at 16.) Provident further argues that Plaintiff should have moved to compel additional Rule 30(b)(6) testimony on these areas if he believed the witness was not prepared. (*Id*. at 18.) The Court is not persuaded by Provident's argument. At the time of the earlier Rule 30(b)(6) deposition, Provident had not admitted to possessing these documents and had not yet produced copies to Plaintiff. (*Id*. at 16.) Plaintiff had learned of some of these documents from reviewing trial transcripts from other litigation. When Plaintiff took Mr. Kos's deposition in his role as the company's 30(b)(6) designee, Mr. Kos was not prepared to answer questions about the company's goals for "claims closures and reserve reductions" between 1995 and 2000. (Doc. No. 174-2, Ex. 19 at

145.) And Mr. Kos could not testify at all to what Provident's policies and concerns were with respect to individual disability claims in the 1990's. (*Id*.)

Moreover, any attempt Plaintiff made to obtain discovery that went beyond that directly relevant to Provident's handling of Plaintiff's claim was resisted and put over until the second phase of discovery. Judge Adler's discovery orders advised Plaintiff that discovery into "Provident's alleged corporate scheme" would not be appropriate until Plaintiff survived summary judgment on the rescission claim. (Doc. No. 94 at 6-7.) Therefore, it is disingenuous for Provident to argue that Plaintiff waived his right to obtain the discovery he seeks because he did not move to compel discovery that would only be allowed after the decision on the summary judgment motion. In any event, Plaintiff never had the opportunity to depose Provident about the recently produced documents, especially those containing handwritten notes. He is entitled to corporate testimony to authenticate these documents for potential use at trial.

Similarly, the court rejects Provident's argument that stipulating to the authenticity of the training materials and other internal Provident documents should provide Plaintiff with all of the discoverable information to which he is entitled. (Doc. No. 174-3 at 7.) Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent. As the cases cited in this order make clear, the two forms of discovery are not equivalent. *In re: Vitamins*, 216 F.R.D. at 174. Depositions provide a more complete means to obtain information and are, therefore, favored. *Marker*, 125 F.R.D. at 126. Provident is required to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, which includes information ascertainable from claims files, documents produced in this case, information from past employees, witness testimony and exhibits, or any other sources available to the corporation.

**4.     Testimony from Other Litigation is Not an Adequate Substitute**

Lastly, Provident argues that Plaintiff already has testimony covering the 30(b)(6) topics because he has trial and deposition transcripts given by former Provident employees in other litigation. (Doc. No. 174 at 7.) Provident attempts to convince the Court that testimony from other litigation should suffice because "it is doubtful that any current employees have sufficient knowledge to serve as a 30(b)(6) witness on these topics." (*Id*.) The fact that Provident may no longer employ a person with

direct knowledge of on the designated topics does not relieve it of the duty to produce a properly educated Rule 30(b)(6) designee. *Taylor*, 166 F.R.D. 'Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to be deposed.' *Bd. of Trustees of Leland Stanford Jr. Univ. v. Tyco Intern. Ltd.*, 253 F.R.D. 524, 526 (citing *Calzaturficio*, 201 F.R.D. at 36 (D. Mass. 2001)). If the corporation wishes to assert a position based on testimony from third parties, or their documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed. *Taylor*, 166 F.R.D. at 361. Provident can state its corporate position at the Rule 30(b)(6) deposition with regard to the prior testimony. Courts understand that preparing for a Rule 30(b)(6) deposition can be burdensome; "[h]owever, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Id.* at 362. Notwithstanding Defendant's argument that Plaintiff has already obtained much of the information he seeks from other sources, it is clear that Plaintiff is entitled to obtain answers from Provident itself pursuant to Rule 30(b)(6).

**Conclusion**

The Court finds that Provident has not met its burden of establishing that the areas of examination are so burdensome, cumulative, or duplicative so as to justify denying Plaintiff a Rule 30(b)(6) deposition on the topics at issue. Provident must comply with its obligations under Rule 30(b)(6) to produce one or more witnesses knowledgeable about the subject matter of the noticed topics.

Provident must produce a witness or witnesses for deposition on a date mutually convenient for Plaintiff's counsel, but in any event no later than **July 11, 2011.**

IT IS SO ORDERED.

DATED: June 20, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court