UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD KELLY,<br><br>                          Plaintiff,<br><br>   v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE CO.,<br><br>                          Defendant. | Civil No.   04cv00807-CAB (BGS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS**<br><br>[Doc. No. 244] |

   Plaintiff objects to the Magistrate Judge's March 16, 2012 Order Denying Plaintiff's Motion for Rule 37 Sanctions. [Doc. No. 243.] Specifically, Plaintiff objects to Judge Skomal's denial of Plaintiff's motion for Fed. R. Civ. P. 37 sanctions based on his allegation that Defendant failed to adequately prepare Defendant's Rule 30(b)(6) witness to lay the foundation for certain documents, which Plaintiff argues violated this Court's June 20, 2011 Order. [*See* Doc. No. 212.] The Court construes the objection as an objection to non-dispositive matters under Federal Rule of Civil Procedure 72(a). For the reasons discussed below, Plaintiff's objections are **OVERRULED**.

   District court review of magistrate judge orders on non-dispositive motions is limited. A motion relating to discovery, such as the motion at issue here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

   Judge Skomal found that Defendant's Rule 30(b)(6) witness adequately prepared for and testified

to matters known or reasonably available to Defendant within the scope of this Court's June 20, 2011 Order.  Plaintiff argues that this finding was clearly erroneous because the June 20, 2011 Order specified that Defendant's Rule 30(b)(6) witness failed to do what it was ordered to do – communicate with current or former employees as part of the preparation.  Plaintiff argues that, as a result, he is unable to lay a foundation for thousands of pages of documents containing relevant information.  However, there has been no showing that Defendant knows or could reasonably discover the source or author of the documents at issue.  [*See, e.g.,* Doc. No. 219 at 9.]  Thus, it was not "clearly erroneous or contrary to law" for Judge Skomal to find that Defendant need not speak with employees to track down the authors of over 11,000 documents in its preparation efforts.[1]

       Having reviewed Plaintiff's Motion for Fed. R. Civ. P. 37 sanctions [Doc. No. 212], Defendant's opposition thereto [Doc. Nos. 218-220], the parties' Joint Statement of Discovery Dispute [Doc. No. 174], and Plaintiff's Objection to the Non-Dispositive Order [Doc. No. 244], this Court agrees with Judge Skomal's thorough and well-reasoned findings that the Rule 30(b)(6) witness was adequately prepared and able to competently testify as Defendant Provident's corporate representative designee on the previously ordered topics.  Thus, Plaintiff has failed to show that the discovery order was "clearly erroneous or contrary to law."  As a result, Plaintiff's objection is **OVERRULED**.

       **IT IS SO ORDERED.**

DATED:  June 11, 2012

                            **CATHY ANN BENCIVENGO**
                            United States District Judge

---

[1] For the first time, Plaintiff requests a further deposition with a witness knowledgeable about the source of documents.  Plaintiff claims that other individuals will have the knowledge that Defendant's Rule 30(b)(6) did not.  If true, Plaintiff should identify who has such knowledge and the basis for so claiming.  In any event, such a request should be directed to Judge Skomal.